# Supreme Court of Florida

No. SC2023-0438

**IN RE: AMENDMENTS TO FLORIDA RULE OF APPELLATE PROCEDURE 9.130.**

May 2, 2024

PER CURIAM.

This matter is before the Court, on its own motion, for consideration of amendments to Florida Rule of Appellate Procedure 9.130 (Proceedings to Review Nonfinal Orders and Specified Final Orders). We have jurisdiction. *See* art. V, § 2(a), Fla. Const.

In June 2023, the Court published for comment in *The Florida Bar News* a proposal to amend rule 9.130(a)(3) by creating a new subdivision (H), which as proposed would provide for interlocutory review of nonfinal orders that confirm or deny confirmation of an arbitration award, or that modify, correct, or vacate an arbitration award, and by deleting from existing subdivision (a)(3)(C)(iv) a provision that allows for interlocutory review of nonfinal orders

determining entitlement to arbitration and adding that text to the new subdivision.

The Florida Bar's Appellate Court Rules Committee filed a comment expressing opposition to the amendment. The minority of Committee members voted in favor of the proposal but suggested that the changes should be implemented by adding language to subdivision (a)(3)(C)(iv), rather than by creating a new subdivision.

The Court hereby adopts the amendments, as set forth in the proposal, with a minor modification. The proposed new subdivision (a)(3)(H) is redesignated as (a)(3)(I) because on July 6, 2023, rule 9.130 was amended to add a subdivision (a)(3)(H) in an unrelated case. *See In re Amend. to Fla. Rule of App. Proc. 9.130*, 367 So. 3d 1204, 1205 (Fla. 2023) (creating a new subdivision (a)(3)(H) to provide for interlocutory review of nonfinal orders that deny a motion to dismiss on the basis of the qualifications of a corroborating expert witness).

Accordingly, we hereby amend the Florida Rules of Appellate Procedure as reflected in the appendix to this opinion. New language is indicated by underscoring; deletions are indicated by

struck-through type.  The amendments shall become effective on July 1, 2024, at 12:01 a.m.

It is so ordered.

MUÑIZ, C.J., and CANADY, LABARGA, COURIEL, GROSSHANS, FRANCIS, and SASSO, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THESE AMENDMENTS.

Original Proceeding – Florida Rules of Appellate Procedure

Elaine D. Walter, Chair, Appellate Court Rules Committee, Miami, Florida, Hon. Andrew D. Manko, Past Chair, Appellate Court Rules Committee, Tallahassee, Florida, Joshua E. Doyle, Executive Director, The Florida Bar, Tallahassee, Florida, and Heather Savage Telfer, Bar Liaison, The Florida Bar, Tallahassee, Florida,

Responding with comments

**APPENDIX**

**RULE 9.130.   PROCEEDINGS TO REVIEW NONFINAL ORDERS AND SPECIFIED FINAL ORDERS**

**(a)   Applicability.**

(1)-(2) [No change]

(3) Appeals to the district courts of appeal of nonfinal orders are limited to those that:

(A)-(B) [No change]

(C) determine:

(i)-(iii) [No change]

(iv) the entitlement of a party ~~to arbitration, or~~ to an appraisal under an insurance policy;

(v)-(x) [No change]

(D)-(F) [No change]

(G) grant or deny a motion for leave to amend to assert a claim for punitive damages; ~~or~~

(H) deny a motion to dismiss on the basis of the qualifications of a corroborating expert witness under subsections 766.102(5)-(9), and (12), Florida Statutes~~.~~; or

(I) determine the entitlement of a party to arbitration, confirm or deny confirmation of an arbitration award or partial arbitration award, or modify, correct, or vacate an arbitration award.

(4)-(5) [No change]

**(b)-(i)**   [No change]

## Committee Notes

[No Change]